NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0000813**
**27-JUN-2014**
**08:49 AM**

NO. CAAP-14-0000813

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DEAN I. ONISHI and CHERYL ONISHI,
Plaintiffs-Appellees,
v.
HAWAIIAN INSURANCE AND GUARANTY COMPANY, LTD.,
Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0809-03)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record on appeal, it appears that we

lack appellate jurisdiction over this appeal that Defendant-

Appellant Hawaiian Insurance and Guaranty Company, Ltd.

(Appellant Hawaiian Insurance and Guaranty Company), has asserted

from the Honorable Rhonda A. Nishimura's April 8, 2014 judgment, because the April 8, 2014 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2013), Rules 54 and 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment.

-2-

> If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added).

When interpreting the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i has explained that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (citation omitted; original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (original emphasis).

In the instant case, the circuit court has apparently attempted to enter a final judgment pursuant to HRCP Rule 54(b) as to one of the two enumerated causes of action in the two-count complaint that Plaintiffs-Appellees Dean I. Onishi and Cheryl Onishi (the Onishi Appellees) filed, but the April 8, 2014 judgment does not clearly and specifically identify which of the two claims the circuit court intends to enter judgment on by way of the April 8, 2014 judgment: Count 1 for breach of contract or Count 2 for "tortious bad faith." Therefore, the April 8, 2014

judgment fails to satisfy the specificity requirement for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins.

In addition, it appears that the April 8, 2014 judgment resolves a legal issue rather than a cause of action in its entirety. A circuit court may certify an order for appeal pursuant to HRCP Rule 54(b) only when the order completely disposes of a claim in a case "where (1) more than one claim for relief is presented or multiple parties (at least three) are involved, . . . and (2) the judgment entered completely disposes of at least one claim or all of the claims by or against at least one party." Elliot Megdal & Assoc v. Daio USA Corp., 87 Hawai'i 129, 133, 952 P.2d 886, 890 (App. 1998) (citations omitted; emphasis added); Fujimoto v. Au, 95 Hawai'i 116, 136 n.16, 19 P.3d 699, 719 n.16 (2001) (quoting with approval this excerpt from Elliot Megdal).

> The ultimate determination of multiplicity of claims must rest in every case on whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced. In other words, multiple claims present the possibility of multiple recoveries which · are not mutually exclusive, and single claims may present multiple legal theories of liability, but seek only one recovery which is mutually exclusive.

Elliot Megdal, 87 Hawai'i at 133, 952 P.2d at 890 (citation and internal quotation marks omitted). A judgment as to one or more but fewer than all claims pursuant to HRCP Rule 54(b)

> must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action. . . .
> A "final decision" for purposes of Rule 54(b) generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. . . . When the plaintiff retains the right to appear and assert additional damages against the defendant the judgment

> cannot be viewed as final since finality implies that, after entry of the judgment, the court will concern itself with nothing other than the mechanics of execution. . . . In other words, the lower court may utilize its Rule 54(b) powers with respect to a given claim only if all damages stemming from that claim have been fixed.

Id. at 135, 952 P.2d at 892 (citations, some internal quotation marks, brackets, and original ellipsis points omitted; emphases and ellipsis points added). Thus, for example, where a party appealed from an HRCP Rule 54(b)-certified judgment where the issue of damages was not finally decided, we held that the "judgment was not final and should not have been certified by the circuit court as final pursuant to HRCP Rule 54(b)." Id.

The April 8, 2014 judgment appears to adjudicate a legal issue (that appears to be relevant to the resolution of both of the two causes of action in the Onishi Appellees' complaint) rather than an entire claim, providing as follows:

> IT IS ADJUDGED, DECREED AND ORDERED THAT Final Judgment is entered against Defendant and in favor of Plaintiffs, resolving in their favor Plaintiffs' claim that the April 12, 1012 incident was not excluded by the earth movement exclusion in the policy of insurance issued Plaintiffs, and providing that there is no just reason for delay entry of this Final Judgment.

Without completely adjudicating a distinctly identifiable claim in its entirety, including any award of damages, the April 8, 2014 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58 and the holding in Jenkins.

Absent an appealable final judgment, the appeal is premature and we lack appellate jurisdiction over appellate court case number CAAP-14-0000813. Accordingly,

-5-

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000813 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 27, 2014.

Presiding Judge

Associate Judge

Associate Judge